# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE KRAMER<br>24A Alameda Rd<br>Broomall, PA 19008<br><br>    Plaintiff,<br>v.<br><br>DJA AUTOMOTIVE, LLC d/b/a<br>Jim Sipala's Kia of West Chester<br>326 Westtown Road<br>West Chester, PA 19382<br>    and<br>JAS AUTOMOTIVE, LLC d/b/a<br>Jim Sipala's Kia of Coatesville<br>326 Westtown Road<br>West Chester, PA 19382<br><br>    Defendant. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Kyle Kramer (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Defendants for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff asserts, *inter alia*, that he was unlawfully terminated (and/or unlawfully not hired) by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under the laws of the United States. There lies

supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because substantially all of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, in addition, venue is properly laid in this district because Defendants are entities deemed to reside in this district as a result of their contacts.

5. Plaintiff is proceeding herein under the ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")[1] and by filing the instant lawsuit within ninety (90) days of receiving a Notice of Right to Sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the above-caption.

8. Defendant DJA Automotive, LLC is a for-profit entity, incorporated under the laws of the Commonwealth of Pennsylvania, registered with the PA Department of State at an address as set forth in the above-caption, with "James Sipala" listed as an officer (president) of

---

[1] In conjunction with the EEOC filing, Plaintiff dual-filed a Complaint for violations of the PHRA, in accordance with procedure set by the EEOC and Pennsylvania Human Relations Commission ("PHRC").

2

this entity; according to filings with the PA Department of State, Defendant DJA Automotive, LLC, does business as Jim Sipala's Kia of West Chester.

9. Defendant JAS Automotive, LLC is a for-profit entity, incorporated under the laws of the Commonwealth of Pennsylvania, registered with the PA Department of State at an address as set forth in the above-caption, also with "James Sipala" as an officer (president) of this entity; according to filings with the PA Department of State, Defendant JAS Automotive, LLC, does business as Jim Sipala's Kia of Coatesville.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors - Defendant DJA Automotive, LLC (d/b/a Jim Sipala's Kia of West Chester) and Defendant JAS Automotive, LLC (d/b/a Jim Sipala's Kia of Coatesville),[2] were sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[2] *Hereinafter* collectively referred to as "Defendants," unless indicated otherwise.

13. Plaintiff has and continues to suffer from serious health conditions, including but not limited to complications from Legg–Calve–Perthes disease[3] (for which Plaintiff has had a hip reconstructive surgery [as a child] and hip replacement surgery [in 2010]) and Attention Deficit Disorder (ADD).

14. Despite Plaintiff's health conditions, he was still able to perform the duties of his job well with Defendant (described further *infra*); however, Plaintiff's health conditions sometimes required treatment with legally-prescribed medications, as directed by his respective treating medical professionals.

15. In or about June of 2016, Plaintiff applied for a Sales Manager position with Defendants.

16. Plaintiff has worked in sales, including specifically automobile sales, for a number of years; Plaintiff was (and is) qualified for Defendants' Sales Manager Position.

17. Through in or about June and July of 2016, Plaintiff was interviewed on approximately four separate occasions by Defendants for the position of Sales Manager; including being interviewed at Defendants' locations in both West Chester and Coatesville.

18. Plaintiff interviewed with multiple managers of Defendants, including but not limited to Defendants' General - Manager Joe Spadaro (*hereinafter* "Mr. Spadaro"), and Defendant's Controller - Juliana (last name unknown).

19. Plaintiff indicated to Defendants' management during the aforesaid interview process that he had hip replacement surgery (described *supra*) but that it would not affect his ability to perform the functions of the Sales Manager position.

---

[3] A childhood condition that affects structural development of the hip.

4

20.   On or about July 20, 2016, after interviewing Plaintiff on multiple occasions (described *supra*), Defendants offered Plaintiff the position of Sales Manager.

21.   On or about July 20, 2016, Mr. Spadaro sent Plaintiff an email informing him of the employment offer (including pay structure), and giving specifics as to where Plaintiff would be training (Defendants' West Chester, PA location) and working (as floor Sales Manager of Defendants' Coatesville, PA location), stating in an email:

  a.   [Plaintiff],

  Good stuff… I am going to send you a pay plan I want you to review it and call me with any questions. If you like it you would start in WC with me, spend a week here and then move you to Coatesville, were [sic] you will be their floor manager.

22.   On or about July 20, 2016, shortly after being offered employment by Defendants (described *supra*), Plaintiff indicated to Mr. Spadaro that the proposed pay plan was acceptable and that Plaintiff was accepting Defendants' offer of employment (as described in Defendants' aforementioned July 20, 2016 email).

23.   On or about July 21, 2016, after Plaintiff accepted employment with Defendants, Mr. Spadaro informed Plaintiff he would need to get a drug test and then, once cleared, Plaintiff would begin orientation and employment, stating in part in an email:

  [Plaintiff,] we start orientation on Monday you would need to go get a drug test before that. You can call and set up an appointment so you do not have to wait[4]…**Once you take that and cleared you can start 9:30 am Monday for orientation**

---

[4] Mr. Spadaro also provided the name, location and phone number of Defendants' drug testing provider, "Med Center."

24. On or about July 21, 2016, Plaintiff informed Mr. Spadaro that he was calling to set up the aforesaid requested drug test immediately so that he could take the drug test the next day.

25. On or about Friday, July 22, 2016, Plaintiff took a drug test by way of Defendants' drug testing provider, Med Center, as Plaintiff had been directed to do by Mr. Spadaro.

26. At the time of his aforementioned drug test, Plaintiff was told by Med Center that results would be released Monday, July 25, 2016.

27. On Monday, July 25, 2016, Plaintiff did not receive any drug testing results from Med Center (or at any time thereafter).

28. On or about Tuesday, July 26, 2016, Mr. Spadaro specifically asked Plaintiff (by way of text message): "are you on any prescription drugs" - Plaintiff then responded affirmatively.

29. On or about July 26, 2016, upon hearing Plaintiff was taking prescription drugs, Mr. Spadaro specifically asked Plaintiff *what* prescription drugs Plaintiff was on.

30. On or about July 26, 2016, in response to Mr. Spadaro's inquiry regarding what prescription drugs Plaintiff was taking, Plaintiff informed Mr. Spadora about his legally-prescribed medications, including Hydromorphone (an opiate painkiller Plaintiff was prescribed in connection with his aforesaid hip condition) and Methylphenidate (used to treat ADD).

31. After Plaintiff disclosed his medications to Mr. Spadaro (*supra*), the last Plaintiff heard from Mr. Spadaro was Mr. Spadaro asking via text message whether Plaintiff was still taking Hydromorphone - which Plaintiff takes as needed.

32. In or about late July of 2016 (after disclosing the fact that he was taking legally prescribed medication), Plaintiff was *effectively terminated* by Defendants, as Defendants ceased communications with Plaintiff despite multiple attempts by Plaintiff to get in touch with Defendants (in particular with hiring manager, Mr. Spadaro); by way of example[5]:

   a. On or about July 30, 2016, Plaintiff followed up again by way of email to Mr. Spadaro, stating in part:

   > This is another follow up to our last conversation...after my completion of the test for you ...I didn't hear from you after our last text[6] ? How come what's going on ?. There's nothing that will hinder my performance whatsoever hence your questions of my testing results, and medications taken...Keep me posted. Have a great weekend.

33. Plaintiff was not contacted by Defendants' drug testing provider (or any other agent of Defendants, other than Mr. Spadaro) regarding either [1] Plaintiff's drug test results or [2] what medications Plaintiff might have been taking (and was legally prescribed).

34. In or about late July of 2016 (after taking the aforesaid drug test), Plaintiff reached out to Defendants' drug testing provider (Med Center) on multiple occasions to inquire about Plaintiff's drug test results; however, Plaintiff was told that Med Center could not release the testing results to anyone other than the employer (being Defendants).

35. Plaintiff therefore believes and avers that he was terminated and/or not hired by Defendants due to his: (1) known and/or perceived health problems; (2) record of impairment;

---

[5] Not intended to be an exhaustive list.

[6] Wherein Plaintiff disclosed his specific medications to Mr. Spadaro, described *supra*.

7

(3) requested accommodations; and/or (4) of Defendants' refusal to accommodate his disabilities.

### Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)
-Against Both Defendants-

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff suffered from qualifying health conditions under the ADA (including but not limited to complications from Legg–Calve–Perthes disease and ADD), which affected his ability (at times) to perform some daily life activities including, but not limited to, walking, focusing, and working.

38. Prior to being effectively terminated, Plaintiff had disclosed his hip complications and replacement surgery to Defendants' management.

39. Furthermore, specific medications that Plaintiff took for his aforesaid health conditions were made known to Defendants' management (including but not limited to Mr. Spadaro) shortly before his effective termination.

40. After Plaintiff disclosed and discussed with Mr. Spadaro specific medications he was taking for his health conditions, Defendants ceased all contact and effectively terminated Plaintiff's employment.

41. Plaintiff requested reasonable accommodations from Defendants, to the extent he needed to take legally-prescribed medication(s) for his aforesaid health conditions while employed with Defendant.

42. Defendants failed to engage in any interactive process to reasonably accommodate Plaintiff, as Defendants' management specifically asked Plaintiff what medications he was on but then ceased all communication once Plaintiff informed Defendants of his prescribed medications.

43. Defendants (either directly or through their drug testing provider) failed to properly seek any clarification from Plaintiff (or Plaintiff's medical providers) as to how Plaintiff's health conditions or medications may have affected his ability to perform essential duties of his position, instead effectively terminating him. And Plaintiff specifically informed Defendants that such medications would not hinder his performance as a Sales Manager at Defendants.

44. It is therefore believed and averred that Defendants refused to accommodate his disability by refusing to allow him to work at Defendants while taking prescription medication.

45. Plaintiff therefore believes and avers that he was terminated and/or not hired by Defendants due to his: (1) known and/or perceived health problems; (2) record of impairment; (3) requested accommodations; and/or (4) of Defendants' refusal to accommodate his disabilities.

46. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)
-Against Both Defendants-

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff properly exhausted his administrative remedies to proceed under the PHRA because his charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") has been pending for at least one year.

49. Plaintiff hereby incorporates and re-asserts the foregoing allegations in Count I, as such actions also constitute violations of the PHRA.

50. Plaintiff therefore believes and avers that he was terminated and/or not hired by Defendants due to his: (1) known and/or perceived health problems; (2) record of impairment; (3) requested accommodations; and/or (4) of Defendants' refusal to accommodate his disabilities.

51. These actions as aforesaid constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be

appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

    D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

    E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

    G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 14, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

KYLE KRAMER : CIVIL ACTION

v. :

DJA AUTOMOTIVE, LLC D/B/A JIM SIPALA'S KIA : NO.
OF WEST CHESTER, ET AL.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

_8/15/2017_ _____ Plaintiff
**Date** **Attorney-at-law** **Attorney for**

_(215) 639-0801_ _(215) 639-4970_ _akarpf@karpf-law.com_

**Telephone** **FAX Number** **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 24A Alameda Road, Broomall, PA 19008

Address of Defendant: 326 Westtown Road, West Chester, PA 19382

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 8/15/2017    _____    ARK2484
                    Attorney-at-Law     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/15/2017    _____    ARK2484
                    Attorney-at-Law     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KRAMER, KYLE

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
DJA AUTOMOTIVE, LLC D/B/A JIM SIPALA'S KIA OF WEST CHESTER, ET AL.

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act "ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/15/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

[Print] [Save As...] [Reset]